**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

LOUIS SCHWARZ and
DORIS SCHWARZ,

      Plaintiffs,

v.                                     Case No.   5:18-cv-608-Oc-34PRL

THE VILLAGES CHARTER SCHOOL,
INC., THE HOLDING COMPANY OF
THE VILLAGES, INC., and
RANDY MCDANIEL,

      Defendants.

## O R D E R

    **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 66; Report) entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on October 29, 2019. In the Report, Judge Lammens recommends that Defendants' Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Doc. 33; Motion) be granted, in part, and denied, in part. See Report at 16. On November 12, 2019, the parties filed objections to the Report. See Plaintiffs' Objections to Magistrate Judge's Report and Recommendation (Doc. 67; Plaintiffs' Objections); Defendants' Objections, in Part, to Report and Recommendation on Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 68; Defendants' Objections). The parties also each filed responses to the objections on November 26, 2019. See Plaintiffs' Response to Defendants' Objections to Magistrate Judge's Report and Recommendation (Doc. 74; Plaintiffs' Response); Defendants' Response to Plaintiffs' Objections to Magistrate Judge's

Report and Recommendation (Doc. 75; Defendants' Response). Accordingly, this matter is ripe for review.

Because the Court finds that both Plaintiffs' and Defendants' objections are due to be overruled and the Report, with some modification, is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address the objections and add some clarification to avoid confusion as the case progresses.

## I. Background

Plaintiffs Louis Schwarz and Doris Schwarz are deaf residents of the Villages who, along with a number of other residents, previously brought a successful disability discrimination action against the Villages Charter School for failing to provide them with sign language interpreters at the Lifelong Learning College. See Report at 1; Schwarz, et al. v. The Villages Charter School, Inc., Case No. 5:12-cv-177-Oc-34PRL (The Litigation). Following the entry of judgment in The Litigation, on November 30, 2018, Plaintiffs filed this lawsuit asserting various claims against Defendants, The Villages Charter School, Inc. (The School), The Holding Company of the Villages, Inc. (The Holding Company), The Villages Operating Company (The Operating Company), and Randy McDaniel, the Director of Education of the Villages Charter School (McDaniel). See generally Complaint (Doc. 1).[1] Plaintiffs filed an Amended Complaint (Doc. 6) against the Defendants on December 12, 2018, in which ten other residents joined, and on March 6, 2019, filed a Second Amended Complaint (Doc. 25; Complaint), which is the operative

---

[1] Although the Report suggests that this action was initiated by 12 Plaintiffs, it appears that only Mr. and Mrs. Schwarz were named as Plaintiffs in the original complaint and the additional Plaintiffs joined in the first amended complaint (Doc. 6).

pleading in this action. Defendants responded to that Complaint by filing the instant Motion. The undersigned referred the Motion to Judge Lammens for preparation of a Report and Recommendation. See Order (Doc. 54). While the Motion was pending, the parties resolved a majority of the claims including all claims against The Operating Company and all claims by persons other than Plaintiffs Louis and Doris Schwarz. Thus, the only claims remaining in this action are:

- In Count I, claims under Title V of the Americans with Disabilities Act in which both Plaintiffs seek an injunction prohibiting further retaliation by The School and McDaniel and Doris Schwarz seeks the same relief against The Holding Company;

- In Count II, claims seeking injunctive relief and damages for retaliation in violation of the Rehabilitation Act by both Plaintiffs against The School and McDaniel and by Doris Schwarz against The Holding Company; and

- In Count III, a claim of defamation by Louis Schwarz against The School and McDaniel based upon statements made by McDaniel and another employee in one article that was published in the Villages Daily Sun on December 2, 2016, and another that was published in the Villages Daily Sun on December 8, 2016 and republished online on December 12, 2016.

See Report at 4-5.

In the Report, Judge Lammens recommends dismissal of Count I in its entirety. See id. at 6-10, 16. As to the Rehabilitation Act retaliation claims in Count II, Judge Lammens recommends granting the Motion, in part, and dismissing the claims against McDaniel individually and against all Defendants to the extent Plaintiffs seek injunctive

relief, but denying the Motion to the extent Defendants seek dismissal of Plaintiffs' claims for damages and other relief against the remaining Defendants.  See id. at 10-13, 16. Last, with respect to Count III, Judge Lammens recommends granting the Motion and dismissing Louis Schwarz' defamation claim to the extent that it is based on the December 8, 2016 print article and the December 12, 2016 online article because those claims are barred by the applicable statute of limitations, but recommends denying the Motion to the extent Defendants seek dismissal of the defamation claim relating to the December 2, 2016 article.  See id. at 13-16.

## II.     Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the finding or recommendations by the magistrate judge."    28 U.S.C. § 636(b).    If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.   See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1).   However, the district court must review legal conclusions de novo.   See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

## III.     Plaintiffs' Objections

In Plaintiffs' Objections, Plaintiffs argue that their claims based on the publication of the December 12, 2016 online article are not time barred because the December 12, 2016 online article and the previously published December 8, 2016 print article are separate publications such that the statute of limitations for claims based on the December 12, 2016 online article did not begin to run until December 12, 2016.   See generally Plaintiffs'

Objections. In response, Defendants note that Plaintiffs failed to raise this argument before Judge Lammens, and thus, contend that the Court should decline to consider it. See Defendants' Response at 5-6. Additionally, they contend that the only Defendant alleged to have published the December 12, 2016 online article is The Operating Company. Because Louis Schwarz dismissed his claims against The Operating Company with prejudice, Defendants assert that Plaintiffs' arguments about the December 12, 2016 article are irrelevant to the remaining claim in Count III against McDaniel and The School. See Defendants' Response at 6-7. Alternatively, Defendants assert that Judge Lammens correctly determined that any defamation claim based on the December 12, 2016 online republication of the December 8, 2016 print article is barred by Florida's two year statute of limitations. See id. at 7-9.

Upon consideration of the parties' arguments and the record in this action, the undersigned finds that Plaintiffs' argument that the December 8, 2016 print article and the December 12, 2016 online article are separate publications appears for the first time in Plaintiffs' Objections. Indeed, Plaintiffs make no mention of the December 8, 2016 print article in the Complaint at all. More importantly, throughout their response to the Motion, Plaintiffs refer to the December 2, 2016 print article as the "First Article" and to the December 8, 2016 print article that was republished online on December 12, 2016 together in the singular as the "Second Article." See, e.g., Plaintiffs' Memorandum in Opposition to Defendants' Motion to Dismiss Second Amended Complaint (Doc. 37; Response to Motion) at 2, 22-23. Nowhere do they suggest, as they do in Plaintiffs' Objections, that there were actually three separate articles. Compare Response to Motion at 2, 22-23 with Plaintiffs' Objections at 2, n.2. This argument, which was not presented to the

Magistrate Judge and is made for the first time only after entry of the Report, is untimely. While the Court has discretion to consider such an untimely argument, it is not required to do so. Indeed, Eleventh Circuit precedent expressly provides the district court with discretion "to decline to consider a party's argument when that argument was not first presented to a magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens [v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)] and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Knight v. Thompson, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing Williams for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1274 (11th Cir. 2014) (citing Williams for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's argument that was not first presented to a magistrate judge"). In consideration of the record and the arguments presented to the Magistrate Judge, the Court declines to consider Plaintiffs' newly raised argument which takes a position different than that taken before the Magistrate Judge. As such Plaintiffs' objection to the dismissal of Mr. Schwarz' defamation claim based on the December 12, 2016 online publication is due to be overruled.

## IV.     Defendants' Objections

Although Defendants raise two arguments in their objections, only one requires substantive attention.[2] Defendants contend that the Magistrate Judge erred in failing to

---

[2] Defendants devote the majority of their objections to their concern that certain statements in the "Report could be construed as constituting factual findings or conclusive determinations on the merits." Defendants' Objections at 5. This concern is simply unfounded. First, the Court notes that Judge Lammens makes clear that he is "taking [Plaintiffs'] allegations as true," and having done so, concludes that Plaintiffs have

recommend dismissal of Plaintiffs' retaliation claims to the extent that such claims are based on time barred statements. In particular, Defendants argue that any claim based on a November 11, 2014 statement by John Wise purportedly threatening to close down the Lifelong Learning College is barred by the applicable statute of limitations. See Defendants' Objections at 8. Defendants note that Plaintiffs filed this action on November 30, 2018, more than four years after the statement, and as such, any claim based on that statement is barred by Florida's four year statute of limitations. See id. at 8-9. Notably, Plaintiffs do not appear to dispute the suggestion that the November 11, 2014 statement by John Wise is not an independent basis for relief. See Plaintiffs' Response at 5. Indeed, in Plaintiffs' Response, Plaintiffs identify the adverse actions alleged in the Complaint as "Gary Lester's threats to close the school in January 2015, the closure of the school in December 2016, and Defendants' statements to the Villages Daily Sun in December 2016." Id. Plaintiffs go on to argue that

> [a]ll of these actions were well-within the four-year statute of limitations period. See Sherrod v. Bd. of St. Lucie Cty., 635 F. App'x 667, 672 (11th Cir. 2015). In his Report, the Magistrate [Judge] states that Plaintiffs "highlight some of the details of Mr. Wise's testimony in an effort to reveal the School's intent." (ECF 66 at 2) (emphasis added). Indeed, "retaliatory motive may be inferred from other types of evidence, such as inconsistent or dishonest explanations." Saunders v. Mills, 172 F. Supp. 3d 74, 88 (D.D.C. 2016). It was thus proper for the Magistrate [Judge] to rely on John Wise's statement to establish prima facie

---

sufficiently alleged various elements of their claim such as a requisite casual connection such that the claims survive a motion to dismiss. See, e.g., Report at 5, 12. Of course, in ruling on a motion to dismiss, the Court must accept all well pled allegations of fact as true and draw reasonable inferences in favor of the Plaintiffs, see Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam), which is precisely what Judge Lammens did. Nothing in the Report suggests that Judge Lammens intended for his findings to be anything more than an assessment of the viability of Plaintiffs' claims based on the facts alleged by them in the Complaint. Next, the Court notes that in reviewing a Report and Recommendation and ruling on a motion to dismiss, the Court is well aware that the facts recited in such orders are not dispositive findings and not only can be but, often are, very different from those facts that ultimately can be proved at trial. As such, there is simply no cause for Defendants' concern that any statement or finding made at this stage of the proceedings would be viewed as a conclusive determination of the merits of any claim. Last, the Court notes that even Plaintiffs concede that the Magistrate Judge's statements in the Report are not factual findings. Thus, despite Defendants dedicating the better part of their objections to this argument, the Court finds it is due to be overruled as unnecessary and lacking substantive merit.

evidence of Defendant's retaliatory motive. Accordingly, the Court should not disrupt the Magistrate's findings as to Count II.

Id. Notably, in the Response to Motion, Plaintiffs disavowed reliance on the November 2014 statement as an independent basis for relief, stating:

> Defendants' adverse actions in closing the school and making statements in the Villages Daily Sun took place on December 2016, which is well-within the four-year statute of limitations period. See Sherrod v. Bd. of St. Lucie Cty., 635 F. App'x 667, 672 (11th Cir. 2015). While Defendants attempt to characterize the adverse action as the November 2014 threats to shut down the school, thereby making Plaintiffs' claims time-barred, these threats simply provide evidence establishing the casual connection between Plaintiffs' protected expression (the filing of the lawsuit and ongoing requests for accommodations) and Defendants' adverse action (the closure of the school and retaliatory statements in the Villages Daily Sun).

Response to Motion at 20.

Upon review of the record, it appears that in considering the Motion, Judge Lammens accepted Plaintiffs' construction of their own claims as being limited to the statements and actions that Plaintiffs allege occurred in 2015 and 2016. He then properly considered the November 2014 statement by John Wise simply as potential evidence of Defendants' alleged retaliatory intent with regard to the timely raised claims regarding statements and actions in 2015 and 2016 rather than as an independent basis for relief. See e.g. Farrow v. King & Prince Seafood Corp., No. 2:17-cv-150, 2018 WL 6206122, at *5 (S.D. Ga. Nov. 28, 2018) (noting that while "the statute of limitations bars claims of discrimination for discrete acts outside the statutory time period, Plaintiff can use those prior acts as background evidence in support of her timely claims of . . . retaliation."); U.S. ex rel. Harris v. Lockheed Martin Corp., 905 F. Supp. 2d 1343, 1356 (N.D. Ga. 2012) ("While other adverse actions Defendant took against Mr. Harris may fall outside the statute of limitations, they may be considered relevant evidence in proving his retaliation claim."). As such, Judge Lammens likely saw no need to affirmatively dismiss any claim

based on the November 2014 statement.   Nevertheless, in an abundance of caution, and to avoid any confusion as the case progresses, the Court will clarify the ruling on the Motion to affirmatively limit the claims upon which Plaintiffs may proceed in Count II of the Complaint to the alleged retaliatory acts identified as occurring after November 30, 2014. While evidence of the earlier November 2014 statement may be admissible for other purposes, it is not a separate retaliatory act which can be a basis for any award of relief in this action.

Having conducted an independent review of the record in this action, and in particular of the Report, Plaintiffs' Objections, Defendants' Objections, Plaintiffs' Response, Defendants' Response, the parties' underlying filings and the relevant authorities, the Court finds no error in the Magistrate Judge's analysis.   Thus, for the reasons stated in the Report, as modified in this Order, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.[3]   Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Objections to Magistrate Judge's Report and Recommendation (Doc. 67) are **OVERRULED**.

2. Defendants' Objections, in Part, to Report and Recommendation on Motion to Dismiss Plaintiffs' Second Amended Complaint (Doc. 68) are **OVERRULED**.

3. The Report and Recommendation (Doc. 66) of Magistrate Judge Lammens, as modified here, is **ADOPTED** as the opinion of the Court.

---

[3] The Court reads the citation to Davis v. Starkman, No. 05-80527-Civ on page 10 of the Report as referencing the case published on Westlaw at 2005 WL 8156833.

4. Defendants' Motion to Dismiss Second Amended Complaint and Incorporated Memorandum of Law (Doc. 33) is **GRANTED, in part, and DENIED, in part**.

    a. The Motion is **GRANTED** to the extent that

        i. As to Count I, Plaintiffs' claims are **DISMISSED**;

        ii. As to Count II, Plaintiffs' retaliation claims against McDaniel are **DISMISSED**, any claims for injunctive relief are **DISMISSED**, and Plaintiffs' substantive retaliation claims are limited to acts alleged to have occurred after November 30, 2014; and

        iii. As to Count III, Louis Schwarz' defamation claims based on the December 8, 2016 print article and its republication online on December 12, 2016 are **DISMISSED**.

    b. Otherwise, the Motion is **DENIED**.

5. Defendants shall respond to the remaining claims asserted in the Second Amended Complaint in accordance with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

    **DONE AND ORDERED** in Chambers this 19th day of February, 2020.

MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record

The Honorable Philip R. Lammens
United States Magistrate Judge